UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61422-CIV-COHN/SELTZER

CHICK-FIL-A and CFA-NC
TOWNRIDGE SQUARE, LLC,

    Plaintiffs,

vs.

EXXONMOBIL CORPORATION,

    Defendant.
_____/

ORDER DENYING EMERGENCY MOTION TO QUASH SUBPOENA

THIS CAUSE is before the Court on Chick-fil-A's Emergency Motion to Quash Subpoena and for Protective Order (DE 64). Chick-fil-A brings this action to recover damages and to compel the remediation of properties allegedly contaminated by leaking underground storage tanks from an ExxonMobil gasoline service station in Coral Springs, Florida. On July 8, 2009, ExxonMobil noticed the deposition of one of Chick-fil-A's trial attorneys, Douglas A. Henderson, Esq.[1] In a supplement to a discovery response, Exxon Mobil identified attorney Henderson as a person having knowledge of "discussions and negotiations between Chick-fil-A, ExxonMobil, and Denyse O'Grady/Coral Square from 2006 through 2008 related to the Service Station and CFA property." ExxonMobil's Supplement to its Answers to Plaintiffs' First Interrogatories, Interrogatory 7, Motion, Ex. A (DE 64).

---

[1] The deposition was to scheduled to occur on July 16, 2009, one day before the scheduled deposition of ExxonMobil's 30(b)(6) corporate representative. At Chick-fil-A's request, Henderson's deposition has been rescheduled for July 27, 2009.

Chick-fil-A now moves the Court to quash the subpoena directed to attorney Henderson and to prohibit ExxonMobil from taking the deposition.  The subpoena for Henderson was issued out of the Northern District of Georgia, and the deposition is to take place in Atlanta, Georgia.  This Court, therefore, does not have the authority to decide the instant motion.  Federal Rule of Civil Procedure 45(c)(3)(A) and (B) dictates that the issuing court is to rule on whether its subpoena should be quashed or modified.  See Limon v. BerryCo Barge Lines, L.L.C., No. G-07-0274, 2009 WL 1347363, at *1 (S.D. Tex. May 13, 2009) ("Rule 45 allocates authority over subpoenas to the court for the district from which they are issued. . . . "[O]nly the issuing court has the power to act on its subpoenas.") (quoting In re Sealed Case, 141 F.3d 337, 341 (D.C. Cir.1998)); Curry v. Delta Int'l Machinery Corp., No. 07-0828, 2008 WL 2620103, at *1 (W.D. Pa. July 2, 2008); Rivertree Landing, LLC v. Murphy, No. 6:07-mc-104-GAP-DAB, 2007 WL 3333357, at *1 (M.D. Fla. 2007) ("[T]his Court has no jurisdiction over any subpoena not issued by this Court . . . ."); WM High Yield v. O'Hanlon, 460 F. Supp. 2d 891, 893 (S.D. Ind. 2006) ("a court sitting in the district where the subpoena was issued and where responsive documents are located is the 'proper forum to rule on a motion to enforce the subpoena duces tecum'") (quoting Dreyer v. GACS, Inc., 204 F.R.D. 120, 122 (N.D. Ind.2001)); 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008) (Rule 45 "make[s] it clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued.  This makes considerable sense.  It is the issuing court that has the necessary jurisdiction and

the person served with it to enforce the subpoena.").[2]  Accordingly, Chick-fil-A's Motion is DENIED without prejudice to file the Motion in the Northern District of Georgia.

DONE AND ORDERED at Fort Lauderdale, Florida, this 24th day of July 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

---

[2]  Chick-fil-A purports to bring its Motion under Federal Rule of Civil Procedure 26(c),  which permits a court, upon good cause, to issue a protective order "to protect a party or  person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  However, the relief Chick-fil-A seeks – quashing a subpoena – is more properly brought under Rule 45, which governs subpoenas.  This Court recognizes that, notwithstanding Rule 45, some courts where the underlying case is pending have considered the merits of motions relating to disputes concerning subpoenas issued out of another district, ruling that they had the authority to consider a motion for protective order under Rule 26 and the court's broad authority to control discovery in a case pending before it. See, e.g., Straily v. UBS Financial Servs., Inc., No. 07-cv-00884-REB-KMT, 2008 WL 5378148, at *2 -3 (D. Colo. Dec. 23, 2008); Wells v. GC Servs. LP, No. C06-03511 RMW HRL, 2007 WL 1068222, at *1 (N.D. Cal. Apr. 10, 2007); Manufacturer Direct, LLC v. Directbuy, Inc., No. 2:05 cv 451, 2007 WL 496382, at *2-3 (N.D. Ind. Feb. 12, 2007). This Court, however, disagrees with those cases.  It would defeat the purpose of Rule 45(a)(2)(B) (requiring that the subpoena issue from the court for the district where the deposition is to be taken) and Rule 45(c)(3)(A) (requiring the issuing court to quash or modify a subpoena when the subpoena would invade a privileged area or result in an undue burden) were a party able to achieve the requested relief (the quashing of a subpoena) via a motion for protective order directed to the court where the underlying case is pending.

3